CORD WOLFE AND EMMA L. WOLFE, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolfe v. Commissioner
Docket No. 14310-78.
United States Tax Court
T.C. Memo 1980-185; 1980 Tax Ct. Memo LEXIS 399; 40 T.C.M. (CCH) 409; T.C.M. (RIA) 80185; May 27, 1980, Filed Cord Wolfe, pro se. Donna I. Epstein, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $1,977.41 in petitioners' 1975 Federal income taxes. The issue presented is whether petitioners are entitled to a deduction in 1975 for theft. All of the facts have been stipulated and are so found. At the time they filed their petition herein, petitioners Cord and Emma L. Wolfe, husband and wife, *400 resided in Eureka, Calif.
Cord Wolfe (hereinafter "petitioner") is an inventor. In 1972, he was working on a prototype 1/3 cycle rotary engine. Petitioner's basis in this invention was $2,042, for parts and materials. He had also spent 796 hours working on the invention, which labor had a fair market value of $7,960. That November, the invention was stolen from petitioner's workshop. The theft was reported to the Eureka Police Department on November 29, 1972. The invention was not insured against theft. The theft was a loss incurred in petitioner's trade or business. Petitioners claimed a $10,000 casualty loss deduction for the theft on their 1975 tax return. Respondent toally disallowed this deduction. The only issue in this case is whether petitioners are entitled to a deduction in 1975 for a theft loss which occurred and was discovered in 1972. In the case of an individual, section 165(c)(1) [1] allows a deduction for losses incurred in a trade or business. However, such losses are deductible only in the year sustained, or, in the case of a theft loss, in the year in which the theft is discovered. Sec. 165(a) and (e); [2]Elliott v. Commissioner, 40 T.C. 304 (1963). *401 Petitioners have not alleged that there was a reasonable prospect of recovery until 1975. E.g., Hutson v. Campbell, 28 AFTR 2d 71-6169, 72-1 USTC par. 9197 (E. D. Tex. 1970), affd. per curiam 28 AFTR 2d 71-6173, 72-1 USTC par. 9198 (5th Cir. 1971). Because the theft of petitioner's invention occurred and was discovered in 1972, we hold that no deduction for such loss is allowable in 1975. We therefore need not determine the amount of the deduction to which petitioners would otherwise be entitled. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. SEC. 165. LOSSES. (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(e) Theft Losses.--For purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss.↩